## Case No. 11,950.

### ROBINSON v. DOW.

[1 Hayw. & H. 239.][1]

Circuit Court, District of Columbia. Nov. 17, 1846.

FALSE IMPRISONMENT— JUSTICE OF PEACE—JURISDICTION.

A justice of the peace who either requests, directs or commands a constable to arrest a party outside of his jurisdiction will be liable for damages to the said party in a suit for false imprisonment.

At law.

Mr. Carlisle, for plaintiff.

H. May, for defendant.

[Before CRANCH, Chief Judge, and MORSELL and DUNLOP, Circuit Judges.]

The declaration was in the usual form for a false imprisonment—damages at $2,000— and the defendant [Jesse E. Dow] pleaded the general issue. The defendant was a justice of the peace, and being informed that the plaintiff [Fulder Robinson] was at a public bathing place in the county of St. Mary, in the state of Maryland, made out a warrant and placed the same in the hands of one J. V. Patton, a constable of the county of Washington; that the constable went to Piney Point at the expense of the defendant, and arrested the plaintiff and accompanied him to Washington; that the constable re-arrested the plaintiff on his arrival in Washington, and having the plaintiff in custody accompanied the plaintiff to the office of the defendant, who issued an order committing the plaintiff to gaol. That the defendant was at the wharf on the arrival of the plaintiff and constable, and proceeded with them to his office.

On the trial of this case the following instructions were read and given to the jury:

1st instruction given by THE COURT:

The jury must believe from the evidence that the arrest and imprisonment of plaintiff at Piney Point was made and committed by said Patton, by the (request) direction or command of the defendant, or the plaintiff cannot recover (in this action damages for the said arrest at Piney Point) therefor, and the jury must find for the defendant; which was excepted to by the defendant, because the court refused to give the same unless with the words "request" and the words "in this action damages for the said arrest at Piney Point."

2d instruction refused by MORSELL and DUNLOP, Circuit Judges:

That the warrant offered in evidence in this case did not authorize the arrest of plaintiff out of the county of Washington, in the District of Columbia, and does not of itself implicate the defendant as having authorized the said arrest and imprisonment made and committed out of the said county.

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

3d instruction refused by THE COURT:

If the jury believe from the evidence that the arrest and imprisonment of plaintiff by said Patton at Piney Point aforesaid was not continued from thence to the county of Washington by said Patton, but that said plaintiff was discharged and released therefrom at Piney Point, and was not again arrested or imprisoned by said Patton until the said plaintiff was found in the county of Washington, District of Columbia, then the said plaintiff can only recover for said trespass committed out of the said county, and cannot recover for so much thereof as is alleged and proved to have been committed within the said county of Washington.

4th instruction refused by CRANCH, Chief Judge, and MORSELL, Circuit Judge:

That if the jury believe from the evidence aforesaid that the arrest and imprisonment of the plaintiff by said Patton out of the county of Washington was not for the personal benefit or advantage of the defendant, and that the defendant was not present at the committing of the arrest there, notwithstanding the defendant did approve of and recognized the acts of said Patton, after the same was done and committed, then such approval and recognition is not evidence in the absence of other proof of any authority or direction given by defendant to said Patton about said arrest and imprisonment, and without such authority given the defendant is not liable in this action.

5th instruction was refused by MORSELL and DUNLOP, Circuit Judges:

That if the jury believe from the evidence aforesaid that the said arrest and imprisonment of plaintiff within the county of Washington was at the instance of said Dow, and by virtue of his said warrant to Patton, then plaintiff cannot recover unless from said evidence it appear that said warrant was issued by said Dow, not in the honest discharge of what he considered to be his duty in the premises as a justice of the peace, and from malice committed the plaintiff. THE COURT, on refusing this, instructed the jury that it was competent for the defendant to show the absence of malice in mitigation of damages.

6th instruction refused by COURT:

That the warrant offered in evidence in this case did not authorize the arrest of plaintiff out of the county of Washington, and does not of itself implicate the defendant as having authorized the said arrest and imprisonment made out of the said county. This instruction was objected to on the part of the plaintiff on the ground that it selects a portion of the evidence, and prays the instruction upon that alone, which objection was coincided in by THE COURT. Upon the trial in this case the defendant offered in evidence a deposition signed and sworn to by one George Smith, having first proved that said Smith was dead, and having also just given evidence that the same was signed by said Smith, for the purpose of showing the defendant's motives and the ground of his action in issuing the warrant and being concerned in the said alleged trespass, and also offered the same in mitigation of damages, but THE COURT refused to permit the same to be read to the jury for either of the purposes and for any other purpose, to which refusal the defendant excepts.

Verdict for plaintiff 1 cent and costs. The defendant moved for a new trial because the verdict was against evidence and against law. Motion overruled and judgment rendered on the verdict.